**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                      )
**Takeyta Gore,**                            )
                                      )
       **Plaintiff,**                      )
                                      )
             v.                       )        Civil No. 1:13-cv-1513 (APM)
                                      )
**Lockheed Martin IS&GS Defense,**    )
                                      )
       **Defendant.**                 )
_____)

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

Plaintiff Takeyta Gore, who is presently proceeding *pro se*, brought this action under Title VII of the Civil Rights Act of 1964 against her former employer, Defendant Lockheed Martin IS&GS Defense. *See* Am. Compl., ECF No. 14.[1] Defendant terminated Plaintiff's employment in August 2011. *See* Def.'s Stmt. Of Undisputed Material Facts in Supp. of Mot. for Summ. J., ECF No. 40-1 [hereinafter Def.'s Stmt.], ¶ 69. Although her Amended Complaint only expressly designates a single count, Am. Compl. ¶¶ 59-64, fairly construed, it actually advances three separate claims against Defendant: (1) exposure to a hostile work environment, *id.* ¶ 62; (2) discrimination on the basis of her gender, *id.* ¶ 60; and (3) retaliation on account of her protected Equal Employment Opportunity activity, *id.*

Defendant has moved for summary judgment on all claims. *See generally* Def.'s Mot. for Summ. J., ECF No. 40; Def.'s Mem. in Support of Mot. for Summ. J., ECF No. 40-13 [hereinafter

---

[1] Plaintiff filed her initial Complaint *pro se*, *see* Compl., ECF No. 1, but then, with the assistance of counsel, filed an Amended Complaint, *see* Am. Compl., ECF No. 14. Plaintiff's counsel later withdrew with the court's consent, *see* Minute Order, Oct. 16, 2014, leaving Plaintiff again to proceed *pro se*.

Def.'s Mot.]. Plaintiff filed a three-page "Opposition to Motion for Summary Judgment," which sets forth in 19 paragraphs her factual contentions and in six paragraphs her response to Defendant's Motion. *See* Pl.'s Opp'n to Mot. for Summ. J., ECF No. 48 [hereinafter Pl.'s Opp'n], at 1-3. Plaintiff did not, however, provide any evidence to support her Opposition. Nevertheless, in recognition of Plaintiff's *pro se* status, the court will treat her Opposition as a sworn affidavit and thus evaluate the merits of Defendant's Motion as if Plaintiff has attempted to come forward with evidence to show a genuine dispute of material fact. *See* Fed. Rule Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (stating that, once the moving party has made an adequate showing that a fact cannot be disputed, the burden shifts to the party opposing summary judgment to "set forth specific facts showing that there is a genuine issue for trial").

Upon review of the parties' pleadings and the evidence submitted, the court will grant Defendant's Motion for Summary Judgment as to all claims.

## II. DISCUSSION

### A. Hostile Work Environment Claim

The court begins with Plaintiff's hostile work environment claim. To make out such a claim, Plaintiff must show that she was subjected "to discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008) (internal quotations and citation omitted). In making that determination, "the court looks to the totality of the circumstances, including the frequency of the discriminatory conduct, its severity, its offensiveness, and whether it interferes with an employee's work performance." *Id.* "In order to be actionable under the statute, a sexually objectionable environment must be both objectively

and subjectively offensive, one that a reasonable person would find hostile or abusive." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998); *see also Baird v. Gotbaum*, 792 F.3d 166, 172 (D.C. Cir. 2015) ("[T]he standard for severity and pervasiveness is . . . an objective one.").

In her Amended Complaint, Plaintiff alleges various acts that she claims gave rise to a hostile work environment. Specifically, she alleges that: (1) in September 2010, her first-line supervisor, Bernard Hanzer, made romantic advances toward her, including suggesting that they get together on weekends, telling her that he "liked her," and asking her if "every woman fantasizes about being a stripper," Am. Compl. ¶¶ 19, 22, 23; (2) in October 2010, Plaintiff reported to Hanzer that a male co-worker, Jesse Llewellyn, asked her "When are you going to take me on vacation?," but Hanzer took no corrective action, *id.* ¶ 30; and (3) in October 2010, an employee of another company, Todd Epps, snapped her bra, and, upon later reporting the incident to Hanzer, he responded that Epps could help her get the job that she wanted, *id.* ¶ 32.

Although these actions surely constitute inappropriate workplace conduct, none of them, individually or collectively, in this case, are sufficient to establish a claim of hostile work environment. With respect to Hanzer's comments, as noted, the Supreme Court has held that to constitute a sexually objectionable environment, the conduct at issue must be both objectively *and* subjectively offensive. *See Faragher*, 524 U.S. at 787. Here, Plaintiff did not view Hanzer's conduct to be *subjectively* offensive. During her deposition, Plaintiff testified that she viewed Hanzer's question about whether every woman fantasizes about being stripper as "unexpected" and inappropriate, but not "offensive." Def.'s Mot., Ex. B, Deposition of Tayketa Gore, ECF No. 40-3, at 54-55. Nor did it "upset" her. *Id.* at 59. Likewise, as to Hanzer's romantic advances, including the statement that he "liked her," Plaintiff testified that she found the conduct

"unexpected," "inappropriate," and "surprising," but that she did not "deem it offensive." *Id.* at 55-57. Nor did it "upset" her. *Id.* at 59.

The same is true with respect to Llewellyn's comments. Plaintiff described Llewellyn's comments as "mild flirtation." *Id.* at 94. Asked whether she was offended by his question "When are you going to take me on vacation?," she responded "I didn't find it offensive." *Id.* at 94-95. She also testified: "I never felt . . . like, [Llewellyn] was harassing me or anything like that. . . . He was a nice guy." *Id.* at 100. Thus, just as with Hanzer's romantic advances, Plaintiff did not deem Llewellyn's "mild flirtation" to be subjectively objectionable.

That leaves Epps' behavior—the snapping of her bra. That conduct is unquestionably offensive, and Plaintiff subjectively viewed it in that way. Such one-time conduct, however, is insufficient to make out a hostile work environment claim. *See Faragher*, 524 U.S. at 788 (stating that "isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment").

Plaintiff attempts to overcome summary judgment by asserting that she has "very high suspicions that the deposition transcripts were altered." Pl.'s Opp'n at 1. Plaintiff's "suspicions" about the integrity of her deposition transcript, however, are mere conjecture and thus are insufficient to overcome summary judgment. *See Higgins v. Inspector Gen., U.S. Dep't of Hous. & Urban Dev.*, 851 F. Supp. 2d 178, 188 (D.D.C. 2012) ("Since plaintiff has not provided evidence to support her conjecture, her 'own self-serving statements . . . are insufficient to defeat summary judgment.'") (citation omitted); *Wilkerson v. Wackenhut Protective Servs., Inc.*, 813 F. Supp. 2d 61, 67 (D.D.C. 2011) ("Personal belief, speculation, and hearsay . . . are simply insufficient to defeat a motion for summary judgment.").

Also, with respect to Hanzer's conduct, Plaintiff attempts to distance herself from her deposition testimony, stating that she "never okayed Mr. Hanzer's questions about strippers or telling me he liked me, and I was very shocked." Pl.'s Opp'n at 3. Plaintiff, however, cannot create a genuine dispute of material fact by contradicting her own sworn deposition testimony. *See Pyramid Sec. Ltd. v. IB Resolution, Inc.*, 924 F.2d 1114, 1123 (D.C. Cir. 1991) ("Courts have long held that a party may not create a material issue of fact simply by contradicting its prior sworn testimony."); *Fox v. Leavitt*, 572 F. Supp. 2d 135, 143 (D.D.C. 2008) ("A plaintiff cannot create a genuine issue of fact and defeat summary judgment by filing an affidavit that contradicts her own previous sworn testimony."). Accordingly, the court will grant summary judgment in favor of Defendant on Plaintiff's hostile work environment claim.[2]

B. **Gender Discrimination and Retaliation Claims**

Plaintiff also contends that Defendant discriminated against her by terminating her employment based on her gender and that her termination was retaliation for reporting her co-workers' harassing conduct. Am. Compl. ¶ 60. Defendant counters that Plaintiff was fired because of her poor job performance, as well as her own sexually harassing behavior towards another employee. Def.'s Mot. at 13-15.

Where, as here, an employer comes forward with a legitimate, non-retaliatory reason for the challenged employment action, the court must decide whether or not the employee has proven intentional discrimination or retaliation. *See Morris v. McCarthy*, 825 F.3d 658, 668 (D.C. Cir. 2016) (citations omitted). A plaintiff can survive summary judgment "by providing enough

---

[2] To the extent that Plaintiff contends that Defendant retaliated against her by failing to correct the hostile work environment, *see, e.g.,* Am. Compl. ¶ 62 (asserting that "by creating a hostile work environment *and* failing to take adequate corrective action, Defendant discriminated *and* retaliated against Plaintiff") (emphasis added), she cannot prevail on such a claim because she has failed to make out her underlying hostile work environment claim, *see Baird v. Gotbaum*, 792 F.3d 166, 171 (D.C. Cir. 2015) ("A retaliatory failure-to-remediate claim is not actionable unless the underlying incident would itself be actionable.").

5

evidence for a reasonable jury to find that the employer's proffered explanation was a pretext for retaliation or discrimination." *Id*. (citing *Hamilton v. Geithner*, 666 F.3d 1344, 1351 (D.C. Cir. 2012)). "A jury may infer discrimination from, among other things, 'evidence of discriminatory statements or attitudes on the part of the employer.'" *Id.* (quoting *Aka v. Wash. Hosp. Ctr.*, 156 F.3d 1284, 1289 (D.C. Cir. 1998) (en banc)).

     Here, Plaintiff has failed to come forward with any evidence from which a reasonable juror could infer that Defendant's reasons for firing Plaintiff were pretextual. With regard to her work performance, she contends that her supervisor, Hanzer, "began padding his files with Performance Improvement Plans after adding a tremendous amount of work to [her] already tedious work load." Pl.'s Opp'n at 3. She thus seems to argue that her work performance was in fact satisfactory and that any alleged deficiencies were completely manufactured by Hanzer. Plaintiff's own perception of her work performance, however, cannot create a genuine dispute of material fact to survive summary judgment. *See Waterhouse v. District of Columbia*, 124 F. Supp. 2d 1, 7 (D.D.C. 2000), *aff'd*, 298 F.3d 989 (D.C. Cir. 2002) ("Plaintiff cannot establish pretext simply based on her own subjective assessment of her own performance, for 'plaintiff's perception of h[er]self, and of h[er] work performance, is not relevant. It is the perception of the decisionmaker which is relevant.'") (citation omitted). In fact, Plaintiff has offered no independent evidence to show that Defendant, at any time, deemed her to have satisfactorily performed her job.

     As for Defendant's other non-discriminatory reason—that Plaintiff herself had harassed another co-worker—Plaintiff avers that the co-worker's "allegations against me weren't true" and that the investigation that led to her firing contained "untrue statements." Pl.'s Opp'n at 3. But Plaintiff cannot survive summary judgment simply by denying the conduct that led to her termination. "The question is not whether the underlying sexual harassment incident occurred;

rather, the issue is whether the employer honestly and reasonably believed that the underlying sexual harassment incident occurred." *Brady v. Office of the Sergeant at Arms*, 520 F.3d 490, 496 (D.C. Cir. 2008); *see also Hairston v. Vance-Cooks*, 773 F.3d 266, 273 (D.C. Cir. 2014) (observing that "the key question in this context 'is not the correctness or desirability of the reasons offered but whether the employer honestly believes in the reasons it offers'") (citation omitted).

Here, Plaintiff has offered no evidence whatsoever, except her own denials, that would create a genuine dispute of material fact as to whether Defendant honestly and reasonably believed that she sexually harassed a co-worker. Thus, having failed to come forward with any evidence from which a reasonable jury could find that her employer's proffered explanation was pretext for retaliation or discrimination, the court grants summary judgment in favor of Defendant.

### III. CONCLUSION

For the foregoing reasons, the court grants Defendant's Motion for Summary Judgment and will enter judgment in favor of Defendant on all claims. A separate order accompanies this Memorandum Opinion.

Dated: September 22, 2016

Amit P. Mehta
United States District Judge